IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KRISTEN JANDA,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                  17-cv-339-wmc

SERGEANT DAVIES, SERGEANT JANAK,
and SERGEANT COLLINSWORTH,

                              Defendants.

_____

        *Pro se* plaintiff Kristen Janda is proceeding in this lawsuit on First, Fourth, Eighth,

and Fourteenth Amendment claims against defendants arising from events that took place

while she was being held at the Lincoln County Jail in 2012 and 2014.  On April 24, 2020,

defendants filed a timely motion for summary judgment, and the court set May 26, 2020,

as Janda's opposition deadline.  Rather than responding by that deadline, on May 22,

2020, Janda filed a motion seeking an extension of time to respond, citing a recent move

and the COVID-19 pandemic.  The court granted her motion, giving Janda until July 10,

2020, to oppose defendants' motion for summary judgment.  Now, Janda has filed a

motion asking that the court recruit counsel for her.  (Dkt. #36.)  The court is denying the

motion without prejudice, but will give Janda one final extension to oppose defendants'

motion.

        Civil litigants have no constitutional or statutory right to the appointment of

counsel.  *E.g.*, *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013);

*Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).  However, at the court's discretion, it

may decide to help recruit counsel to assist an eligible plaintiff who proceeds under the

federal in forma pauperis statute.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent an indigent civil litigant *pro bono* publico.")

Before deciding whether to recruit counsel, however, a court must find that the plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).  In an *unsigned* statement, Janda submits the names of four different attorneys she called about representing her who never returned her phone calls.  The court cannot accept this representation as evidence, since it does not satisfy the requirements of 28 U.S.C. § 1746. However, even assuming that Janda had signed this submission and verified the truth of her statements, the court is not persuaded that recruitment of counsel is appropriate in Janda's circumstances.

Although Janda argues that recruitment is appropriate because she is not an expert in the law and she wants to expose the corruption of Lincoln County law enforcement, these are not reasons to recruit counsel for her.  Rather, the only inquiry is whether litigating this lawsuit has been beyond Janda's capabilities.  *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").  Janda's filings suggest that she is aware of her claims and the facts relevant to her claims.  Her obligation at this stage is to oppose defendants' motion for summary judgment using this court's summary judgment procedures, which involves responding to defendants' proposed findings of fact by citing to admissible evidence, and submitting an

opposition brief.  The court will provide Janda an additional copy of these procedures along with this order.  Janda should use these procedures as a guide in preparing her response. In particular, and what will be most critical to the court's review of defendants' motion, is Janda's version of the facts related to her claims.  Therefore, Janda should do her best to set forth all of the events related to her claims in a declaration that meets the requirements of 28 U.S.C. § 1746, and respond to defendants' proposed findings of fact by citing to information in her declaration.  Janda's submissions suggest that she is capable of reviewing defendants' summary judgment submissions and the court's procedures, and preparing an opposition.

Accordingly, Janda's request for assistance in recruiting counsel will be denied without prejudice, subject to renewal should this case proceed to trial.  Her deadline to respond to defendants' motion for summary judgment will be extended one week, until **July 17, 2020**.  Janda should not expect any additional extensions of this deadline, and if she does not meet that deadline, absent good cause, her claims will be subject to dismissal for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).

ORDER

IT IS ORDERED that:

1)     Plaintiff Kristen Janda's motion for assistance in recruiting counsel (dkt. #36) is DENIED without prejudice.

2)     The clerk of court is directed to send a copy of this court's summary judgment procedures to plaintiff along with this decision.

3)     Plaintiff's deadline to oppose defendants' motion for summary judgment is extended to **July 17, 2020.**

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge